**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7447**

CRAIG L. SCOTT,

            Petitioner - Appellant,

      v.

CHARLES WILLIAMS, Warden,

            Respondent - Appellee.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  Gina M. Groh, Chief
District Judge.  (3:14-cv-00133-GMG-JES)

Submitted:  January 14, 2016            Decided:  January 20, 2016

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig Lamont Scott, Appellant Pro Se.  Helen Campbell Altmeyer,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig L. Scott, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2241 (2012) petition, and a subsequent order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized 28 U.S.C. § 2255 (2012) motion, and dismissing it on that basis. We conclude that the district court properly denied relief on Scott's § 2241 petition and dismissed his Rule 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion. Accordingly, we affirm for the reasons stated by the district court and grant Scott's motion to proceed in forma pauperis. See Scott v. Williams, No. 3:14-cv-00133-GMG-JES (N.D.W. Va. June 17, 2015; Sept. 3, 2015); United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015) (holding that a certificate of appealability is unnecessary where a district court dismisses a Rule 60(b) motion as an unauthorized successive habeas motion).

Additionally, we construe Scott's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Scott's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3